NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD RAUL SANCHEZ, *Appellant*.

No. 1 CA-CR 18-0031
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-153674-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1          Richard Raul Sanchez appeals his conviction on two counts of misconduct involving weapons and the resulting sentences. Sanchez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Sanchez was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Sanchez's convictions and sentences as modified.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In the early morning hours of November 15, 2016, Phoenix Police Officer Mark Wibbing was on patrol at a public park, where he noticed a vehicle parked alone in the parking lot. Wibbing parked in the lot and ran the vehicle's license plate numbers. Wibbing discovered the registered owner of the vehicle was a female with an outstanding felony warrant and called for backup. While Wibbing waited for the backup officers to arrive, he observed Sanchez and a female get out of the vehicle. As the two exited the vehicle and began walking through the park, Officers David Murphy and Zabatka Colbert arrived at the scene.

¶3          Wibbing got out of his vehicle and yelled at Sanchez and his companion to stop and talk to him. Instead, the two began running towards the neighborhood beyond the park. Murphy and Colbert pursued them while Wibbing proceeded in a different direction to cut them off. Murphy observed Sanchez pull an object from the left side of his jacket and heard "a thud on the ground." The officers eventually apprehended Sanchez; searched him; and discovered shotgun shells in his pocket. Meanwhile, Murphy retraced the path of the chase and discovered a loaded, double barrel, sawed-off shotgun on the ground. The officers learned that Murphy also had an outstanding felony warrant. The shotgun was modified, as the

barrel measured approximately 11.75 inches, and the overall length of the shotgun measured approximately 20.75 inches.

¶4　　　　Colbert and Murphy arrested Sanchez and drove him to the police station, where Murphy informed Sanchez of his *Miranda* rights and interviewed him. During the interview, Sanchez apologized for running away from the officers and for throwing the gun on the ground.

¶5　　　　The State charged Sanchez with two counts of misconduct involving weapons—one count for being a felon in possession of a deadly weapon and the other count for possessing a prohibited weapon. Before trial, Sanchez moved to exclude several pieces of evidence, which the superior court granted in part. The superior court also informed Sanchez that he must attend his trial, or he would waive his right to be present. However, Sanchez did not attend the trial; the court issued a bench warrant for his arrest; and proceeded without him.

¶6　　　　All three officers testified at the trial regarding their encounter with Sanchez. In addition, the State called John Copeland, a former employee of the firearms section of the City of Phoenix crime lab, to testify that the stock of the shotgun had been illegally cut down, and it was in an operable condition.

¶7　　　　Following the conclusion of the State's case, Sanchez's counsel moved for a directed verdict on both counts, which the superior court denied, and the jury found Sanchez guilty of both counts. Sanchez was present for sentencing. After considering Sanchez's prior convictions, the court sentenced him to a slightly mitigated term of nine years' imprisonment with 110 days' presentence incarceration credit.

## DISCUSSION

¶8　　　　As a preliminary matter, although Sanchez was absent during his trial and sentencing took place more than 90 days after his conviction, Sanchez did not forfeit his right to appeal. Under A.R.S. § 13-4033(C), a defendant may not appeal his conviction "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." In the instant case, Sanchez was convicted on September 25, 2017, and his initial sentencing hearing was scheduled for December 8, 2017. The hearing was later moved to January 5, 2018—more than 90 days after Sanchez's conviction. Because Sanchez was in custody between December 8, 2017, and his sentencing, we conclude that

Sanchez's absence did not prevent the sentencing hearing from taking place within 90 days. Accordingly, we proceed to consider Sanchez's appeal.

¶9 We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶10 Sanchez was present and represented by counsel at all stages of the pretrial proceedings against him. He chose not to attend the trial. His trial was completed *in absentia* pursuant to Arizona Rule of Criminal Procedure 9.1. The record reflects the superior court afforded Sanchez all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Sanchez's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶11 However, counsel points out the superior court imposed a $15 fee pursuant to A.R.S. § 12-116.08, which was effective from September 13, 2013, to August 9, 2016. Because Sanchez committed the crimes at issue on November 15, 2016, the imposition of this fee was in error, and we vacate that portion of Sanchez's fees.

## CONCLUSION

¶12 Sanchez's convictions and sentences are affirmed as modified. After the filing of this decision, defense counsel's obligations pertaining to Sanchez's representation in this appeal will end after informing Sanchez of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA